# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL WADE JOHNSON,** | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:24-CV-00093 |
| | § | |
| **ENVOY AIR INC.,** | § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Irene Bowers, hereinafter called Plaintiff, complaining of and about Uplift Education, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### I.

### INTRODUCTION

1. This action seeks equitable relief, actual, compensatory, and punitive damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for violations of the American with Disabilities Act of 1990, as amended, ("ADA") under 42 U.S.C. § 12101, et seq. suffered by Plaintiff in the course of her employment with Defendant.

### II.

### PARTIES AND SERVICE

2. Plaintiff, Michael Wade Johnson, is a citizen of the United States and the State of Texas and resides in Arlington, Texas.

3. Defendant Envoy Air, Inc. is a non-resident corporation domestic. Defendant can be served through its Corporation Service Company d/b/a CSC-Lawyers Incorporating Service

Company, at 211 E. 7TH Street, Ste. 620, Austin, Texas 78701-3136, its registered office. *Issuance of summons is hereby requested.*

### III.

### JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331.

5. This Court has personal jurisdiction over Defendant because it conducts business within the Northern District of Texas primarily in Tarrant County, TX.

6. Venue of this proceeding is proper in the Northern District of Texas Pursuant to 28 U.S.C. §1961(b) since Defendant is a resident of the Northern District of Texas, specifically Tarrant County, TX. All parties reside or resided in this district and the events giving rise to the claims occurred in this district.

7. Jurisdiction is proper pursuant to the Americans with Disabilities Act of 1990, as amended, ("ADA") under 42 U.S.V. §12101, et seq.

### V.

### FACTS

11. Envoy is a wholly owned subsidiary of American Airlines, Inc.

12. On or about 2019, Plaintiff Michael Wade Johnson (hereinafter "Johnson") accepted a position as a 'Station Agent" with Defendant Envoy Air Inc. (hereinafter "Envoy") and subsequently entered into an employment agreement (hereinafter the "Contract") setting forth the terms and conditions of Plaintiff's employment with Defendant vis-à-vis The Communication Workers of America.

13. Plaintiff provided valuable goods or services to the Defendant, Envoy Air Inc., specifically in his role as a station agent. Plaintiff was qualified for his position by virtue of his education, training and experience.

14. Defendant accepted the goods or services from Plaintiff, with knowledge that the Plaintiff expected payment for same.

15. On or about December 21, 2019, Johnson notified his manager that he had experienced another seizure due to his medical condition of nocturnal epilepsy. Nocturnal epilepsy is a disability. Johnson then requested a personal day because he was not in a mental state to perform his duties safely. The next morning his manager, Kertina Rutledge, explained she takes sleeping medication and did not recall the details of their earlier conversation. Johnson again explained his medical condition. Rutledge asked numerous questions about his medical condition and some personal information, but ultimately informed Johnson he was "not in trouble" for having to miss his shift.

16. On or about December 27, 2019, Kertina Rutledge presented Johnson with accommodation paperwork and informed him he was not authorized to return to work until the paperwork was returned completed. The accommodation notice placed Johnson on administrative leave pending the return of the paperwork due to be returned by December 31, 2019.

17. Johnson sent the paperwork to his treating physician to complete and then returned the accommodation paperwork to Kertina Rutledge. However, at this point, Rutledge changed her position and advised Johnson that he was not authorized to return to work until she spoke with Envoy's Human Relations Department ("HR").

18. Johnson then contacted HR himself to confirm if he was being paid during this period of unrequested leave. HR only stated that "[Plaintiff] should not have returned to work."

19. On or about January 3, 2020, Johnson received documentation requesting that he go on leave pursuant to the Family and Medical Leave Act ("FMLA"). Again, Johnson did not request leave. He was more than able to perform his required work duties and tasks but with a minimal accommodation of restricting him from open heights and not operate heavy machinery. From Johnson's understanding, it has something to do with Covid-19 testing and concerns and his disability but Plaintiff was ready to perform his job duties.

20. Envoy could have placed Johnson in different positions, including but not limited to Ticket Counter Agent, Gate Agent, Ticket Counter Lead Agent, Gate Lead Agent or other management positions where he would not have to operate heavy machinery or be subjected to working in open heights. Instead, Envoy did not appropriately engage in the interactive process and merely pushed Plaintiff into a series of unnecessary and arbitrary leave periods.

21. Johnson met with a neurologist on January 13, 2020, where he was diagnosed with epilepsy. However, his treating physician, Nirmala Tumarada, MD, stated Johnson could resume his work with a list of mere precautions.

22. On January 15, 2020, Envoy reviewed the neurologist's report in contemplation of Plaintiff's return to work. Envoy stated that would not be able to accommodate his restrictions in his position as Customer Care Agent. Johnson was once again placed on an involuntary leave of absence until such time as his limitations changed.

23. Plaintiff has suffered anxiety and his other health conditions have been negatively affected because of the hardship that Envoy upon him.

24. The involuntary leave of absence was then extended to July 15, 2020.

25. Plaintiff was then terminated on July 22, 2020.

26. Defendant did not pay out Plaintiff any severance due and owing under the Contract.

## IX.

## BREACH OF CONTRACT

50. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

51. All conditions precedent to the performance of Envoy Air Inc. under the Contract have been met.

52. The contractual obligations of Michael Johnson have been fully performed. He was prepared and ready to go to work as evidenced by his continued providing the requested documents of Envoy and the management of Envoy.

53. Defendant has failed to perform its contractual obligations, specifically by failing to accommodate Plaintiff's request for reasonable accommodation or otherwise meaningfully engage in the interactive process and to pay out Plaintiff's severance pay upon terminating his employment.

54. Defendant's breach of contract described hereinabove has injured Plaintiff, causing additional undue stress and anxiety leading to exacerbation of his medical conditions and well as unpaid severance.

## X.

## RESPONDEAT SUPERIOR

55. Whenever in this complaint it is alleged that any Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification

of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## XI.

## DAMAGES

56. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

> a. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;
>
> b. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;
>
> c. All reasonable and necessary costs incurred in pursuit of this suit;
>
> d. Expert fees as the Court deems appropriate;
>
> e. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;
>
> f. Inconvenience; and
>
> g. Interest.

## XIII.

## SPECIFIC RELIEF

58. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

> a. Prohibit by injunction the Defendant from engaging in unlawful employment practices; and
>
> b. Neutral employment reference.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Respectfully submitted,

/s/ Ali Crocker Russell
Ali Crocker Russell

State Bar No: 24098868
Email: ali@cralawfirm.com
CROCKER RUSSELL & ASSOCIATES
2401 Callender Road, Suite 103
Mansfield, TX 76063
Office: (817) 482-6570
Fax: (682) 232-1850
**ATTORNEY FOR PLAINTIFF**