UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**MICHAEL JOHNSON,**

   Plaintiff,

v.                                                              No. 4:24-cv-00093-P

**ENVOY AIR, INC.,**

   Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 11. For the reasons stated below, the Court **GRANTS** the Motion and **DISMISSES** Plaintiff's claims **with prejudice**.

## BACKGROUND

Michael Johnson began working for Envoy Air, Inc. as a Station Agent in 2019. When he signed his employment agreement, he agreed to the terms and conditions laid out in the CBA that Envoy and the Communication Workers of America ("the Union") agreed to in August 2019. Johnson, as a Station Agent, was part of the Union. In December 2019, Johnson notified his manager that he had experienced a seizure due to his nocturnal epilepsy disability. Johnson was later presented with accommodation paperwork and was informed that he was not authorized to return to work until his paperwork was completed.

In January 2020, Johnson then received documentation requesting that he be placed on FMLA. Shortly after, Johnson met with a neurologist and was diagnosed with epilepsy, but his physician said that he could resume work with a list of precautions. Envoy reviewed this physician's report and decided to place Johnson on a leave of absence until his limitations changed. This leave of absence ended on July 15, 2020. One week later, Johnson was terminated by Envoy.

Johnson then brought suit in state court on December 29, 2023. Envoy removed the suit to this Court on January 29, 2024. Upon removal, Envoy moved to dismiss Johnson's claims. Johnson then amended his complaint, the operative pleading in this matter, and Envoy subsequently moved for dismissal of the claims in the Amended Complaint. That Motion is now ripe for the Court's review.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A court must have the power to decide the claim before it (subject-matter jurisdiction) and power of the parties before it (personal jurisdiction) before it can resolve a case." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). Where the former is absent, defendants may move to dismiss under Rule 12(b)(1). *See* FED. R. CIV. P. 12(b)(1). "When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the court first considers its jurisdiction." *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023).

When evaluating subject-matter jurisdiction, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In doing so, the Court "accept[s] all well-pleaded factual allegations in the complaint as true and view[s] them in the light most favorable to the plaintiff." *Abdullah v. Paxton*, 65 F.4th 204, 208 (5th Cir. 2023). Still, "the burden of proof [is] on the party asserting jurisdiction." *McLin*, 79 F.4th at 415 (citing *Ramming*, 281 F.3d at 161).

## ANALYSIS

### A. Johnson's Breach of Contract (Severance Pay) Claim

Passed in order to assist in dispute-resolution goals, the Railway Labor Act ("RLA") establishes a mandatory arbitral mechanism for 'the prompt and orderly settlement' of two classes of disputes. *Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994); *see generally* 45 U.S.C. §§ 151 *et seq.* Under the Act's dispute dichotomy, "major disputes" are those

concerning "rates of pay, rules or working decisions" and usually "relate to 'the formation of [CBAs] or efforts to secure them.'" *Id.* (quoting *Consol. Rail Corp. v. Ry. Lab. Exec. Ass'n*, 491 U.S. 299, 302 (1989)). "Minor disputes," on the other hand, "gro[w] out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." *Id.* (citing 45 U.S.C. § 151a); *see also Brotherhood of R.R. Trainmen v. Chicago River & In. R. R. Co.*, 353 U.S. 30, 33 (1957) (noting minor disputes involve "controversies over the meaning of an existing collective bargaining agreement in a particular fact situation"); *Consol. Rail Corp.*, 491 U.S. at 302 ("Major disputes seek to create contractual rights, minor disputes to enforce them.").

Much hinges on the appropriate taxonomy for Johnson's claim. Minor disputes are "exclusively within the jurisdiction of RLA adjustment boards," and the Court lacks jurisdiction if Johnson's claim is a "minor dispute." *See Carmona v. Southwest Airlines Co.*, 536 F.3d 344, 347 (5th Cir. 2008) (citation omitted); *see generally Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 322 (1972) ("Thus, the notion that the grievance and arbitration procedures provided for minor disputes in the [RLA] are optional, to be availed of as the employee or the carrier chooses, was never good history and is no longer good law."). Envoy argues that Johnson's breach of contract claim is a "minor dispute" under the RLA, which triggers claim preclusion and deprives this Court of subject matter jurisdiction. ECF No. 11 at 4–5. The Court agrees.

To determine the RLA's preclusive effect vis-à-vis Johnson's claim, the Court must determine if an interpretation of the CBA is dispositive of Johnson's claim.

Envoy believes Johnson's claim is a "minor dispute" under the RLA. *Id.* Johnsons disagrees, arguing that because the dispute involves Envoy not paying Johnson *at all,* it qualifies as a major dispute. ECF No. 15 at 4–5. Notably, "[t]he distinguishing feature of a minor dispute is that the dispute may be conclusively resolved by interpreting the existing [CBA]." *Carmona*, 536 F.3d at 348 (cleaned up). And "to state a claim that can be 'conclusively resolved' by interpreting a CBA 'is another way of saying that the dispute does not involve rights that exist independent of the CBA.'" *Id.* (quoting *Norris*, 512 U.S. at 265). Such claims are

3

inappropriately before a federal court because they would require the court to meddle in the interpretation of private contractual rights reserved *exclusively* for RLA adjustment boards. *See Norris*, 512 U.S. at 252.

An interpretation of private contractual rights is exactly what is happening here. Johnson's claim rests on the notion that Envoy breached its obligations to Johnson. ECF No. 8 at 5. What obligations? Well, to figure out, the Court must turn its attention to the CBA. This is exactly what courts in this circuit has classified as "minor disputes." *See Perla v. United Airlines, Inc.,* No. CV H18-4626, 2019 WL 2581499, at *2 (S.D. Tex. May 31, 2019) (Bray, M.J.) (holding that the RLA preempted the plaintiff's state-law contract claim where all of the plaintiff's rights at issue were based on the CBA); *see also Brown v. Am. Airlines, Inc., 593* F.2d 652, 655 (5th Cir. 1979) (holding the plaintiff's wrongful discharge claim was preempted by the RLA because "the only source of [the plaintiff]'s right not to be discharged, and therefore to treat an alleged discharge as a 'wrongful' one that entitles him to damages, is the collective-bargaining agreement").

Johnson claims Envoy wronged him by not properly paying him severance pay after terminating his employment. ECF No. 8 at 5. The CBA states that "all wage and hour (or related) claims under state law or local law or the federal Fair Labor Standards Act," must be "resolved solely by means of the Grievance and Arbitration procedures." ECF No. 12 at 5. Since Johnson's claim is for unpaid wages, the CBA states that the sole means for resolution for Johnson is through the Grievance and Arbitration process. *Id*; *see also See Darbey v. Sw. Airlines, Inc.,* No. 3:20-CV-01329-E, 2021 WL 3732750, at *4 (N.D. Tex. Mar. 29, 2021) (Brown, J.) (holding that the plaintiff's breach-of-contract claim was a minor dispute under the RLA because the CBA's provisions directly related to the plaintiff's complaints). Johnson argues that since Envoy did not pay even a portion of the severance payment, but instead missed the payment in its entirety, that the breach of contract claim can be construed as a major dispute. ECF No. 15 at 4–5. However, he does not provide any case law to support this notion and under Fifth Circuit case law, the facts show this is a minor dispute. *See Allied Pilots Ass'n v. Am.*

4

*Airlines, Inc.*, No. 4:22-CV-00315-O, 2022 WL 1608636, at *3 (N.D. Tex. May 20, 2022) (O'Connor, J.) (holding minor disputes contemplate the existence of a collective agreement already concluded and relate either to the meaning or proper application of a particular provision).

Since the CBA directly addresses and concerns Johnson's unpaid wage claim, his claim arises out of the application and interpretation of the CBA and is classified as a minor dispute. Since his claim is a minor dispute, it is preempted under the RLA and the Court lacks subject matter jurisdiction to hear the claim. Accordingly, Johnson's breach of contract claim is **DISMISSED with prejudice** for lack of subject matter jurisdiction.

### B. Johnson's Breach of Contract (Failure to Accommodate) Claim

Johnson also claims that Envoy failed to provide reasonable accommodations to him in violation of the CBA. ECF No. 8 at 5. Envoy moved to dismiss the claim, asserting that Johnson had not fully exhausted his administrative remedies to bring such a claim. ECF No. 11 at 5 n.2. Johnson seemingly abandons this claim by failing to respond to Envoy's arguments for dismissal. *See generally* ECF No. 15. Since a party's failure to defend a claim in his response to a motion to dismiss constitutes abandonment, the Court must **DISMISS** the claim. *See Matter of Dall. Roadster, Ltd.*, 846 F.3d 112, 125–26 (5th Cir. 2017) (concluding plaintiff's failure to respond to defendant's argument in a motion to dismiss constituted abandonment); *see, e.g., Vela v. City of Hous.*, 276 F.3d 659, 678–79 (5th Cir. 2001) (discussing abandonment of theories of recovery and defenses when such theories were not presented to the trial court).

### CONCLUSION

Without pleading that the type of dispute that he faced was major under the CBA, Johnson has failed to demonstrate that his breach of contract claim is not a minor dispute and preempted by the RLA. Accordingly, the Court does not have subject matter jurisdiction to hear the claim. Further, Johnson did not respond to Envoy's Motion to Dismiss pertaining to his failure to accommodate claim. That claim is

thus abandoned. For these reasons, the Court **GRANTS** Envoy's Motion to Dismiss and **DISMISSES** Johnson's claims. ECF No. 11.

    **SO ORDERED** on this **12th day of April 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE